IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DAGNINO, JR.<br><br>Petitioner,<br><br>v.<br><br>DERRAL G. ADAMS, Warden<br><br>Respondent.<br>_____ / | No. C 03-4654 RMW (PR)<br><br>ORDER DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL; GRANTING FURTHER EXTENSION OF TIME TO FILE TRAVERSE<br><br>(Docket Nos. 25, 32) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed two motions for appointment of counsel. The court DENIES petitioner's motions for appointment of counsel (docket nos. 25, 32 ) without prejudice.

**DISCUSSION**

Petitioner moves the court for appointment of counsel. Petitioner requests appointment of counsel because he is indigent, he is a layman at law, and the issues presented are complex and require an evidentiary hearing. Petitioner alleges that due to his incarceration, he does not have equal access to legal materials and resources as compared to the respondent. However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).

1 While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent
2 a habeas petitioner if "the court determines that the interests of justice so require," the courts
3 have made appointment of counsel the exception rather than the rule. Appointment is
4 mandatory only when the circumstances of a particular case indicate that appointed counsel
5 is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d 1191, 1196
6 (9th Cir. 1986); Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

7 The court concludes that the interest of justice do not require appointment of counsel
8 at this time. Petitioner has aptly presented his claims and no evidentiary hearing appears
9 necessary. Accordingly, petitioner's motions for appointment of counsel (docket nos. 25, 32)
10 are DENIED without prejudice. However, the court will grant petitioner a further extension
11 of time to file his traverse. Petitioner shall file his traverse, and serve a copy on respondent,
12 **within thirty (30) days** of the date of this order.

13 Petitioner must keep the court and all parties informed of any change of address by
14 filing a separate paper captioned "Notice of Change of Address." He must comply with the
15 court's orders in a timely fashion. Failure to do so may result in the dismissal of this action
16 for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

17 IT IS SO ORDERED.

19 Dated: 3/12/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Petitioner's Motions for Appointment of Counsel; Granting Further Extension of Time to File Traverse
P:\PRO-SE\SJ.Rmw\HC.03\Dagnino654atty.wpd        2

This is to certify that on 3/12/08, a copy of this ruling was mailed to the following:

Joseph Dagnino, Jr.
T-22238
CSATF State Prison
P.O. Box 5242
Corcoran, CA 93212